2011 UT App 375

**Al COGGESHELL, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20091013–CA.

Court of Appeals of Utah.

Nov. 3, 2011.

Al Coggeshell, Draper, Appellant Pro Se.

Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Al Coggeshell appeals the district court's dismissal of his petition for post-conviction relief. We affirm.

¶ 2 We review a district court's order granting the State's motion to dismiss for correctness. *See Medel v. State*, 2008 UT 32, ¶ 16, 184 P.3d 1226. "On review, we may affirm the district court's holding based on 'any legal ground or theory apparent on the record,' even if it differs from the district court's approach and was not urged by the parties." *Id.* (citation omitted). Furthermore, a petitioner's claim must be evaluated "in light of the entire record, including the record from the criminal case under review."

Utah Code Ann. § 78B–9–105(1) (2008); *see also id.* § 78B–9–104(2) (Supp. 2011).

¶ 3 Coggeshell claims that his counsel was ineffective for failing to file a motion to suppress statements Coggeshell made to police because the statements were coerced. More particularly, Coggeshell asserts that he agreed to speak with the police only because the conditions in his cell were so deplorable that he was willing to do anything to get out of the cell, including speaking with police.[1] In order to prevail on a claim for ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We need not determine whether trial counsel was deficient in failing to file a motion to suppress because Coggeshell failed to adequately plead in his petition for post-conviction relief that he was prejudiced by his counsel's actions. Specifically, Coggeshell failed to set forth any allegations concerning how he was prejudiced. Further, on appeal, while Coggeshell makes broad assertions that he was prejudiced, he fails to detail what information admitted into evidence at trial should have been suppressed and how suppression of the evidence would have created a reasonable probability of a different result at trial. *See id.* at 694, 104 S.Ct. 2052. This is especially important in a case like this where there was overwhelming evidence of guilt, which was unrelated to any statements made by Coggeshell. *See State v. Coggeshell,* 2007 UT App 210U, 2007 WL 1784072, *2 (mem.) ("[T]he jury heard an overwhelming amount of testimony from both the victim and [the eyewitness] that supported Defendant's convictions. Further, this testimony was buttressed by objective physical evidence and testimony from various witnesses."). Accordingly, because Coggeshell failed to demonstrate that he was prejudiced by his counsel's actions, the district court properly dismissed this claim.

¶ 4 Coggeshell next asserts that his counsel was ineffective because counsel failed to file a motion to suppress evidence collected from a search of the victim's home. More particularly, Coggeshell argues (1) that the initial officers at the scene, who were employed by Moab City, were outside of their jurisdiction when they entered the home because the home was in unincorporated Grand County, and (2) that entry into the home without a warrant was illegal. Coggeshell's arguments fail because he had no standing to object to the search of the residence because he was a temporary visitor with no connection to the premises other than criminal activity. *See United States v. Jacobsen,* 466 U.S. 109, 122, n. 22, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (stating that a burglar has no legitimate expectation of privacy in home that he is burglarizing); *Terry v. Martin,* 120 F.3d 661, 664 (7th Cir.1997) (stating that a temporary visitor with no connection to the premises other than criminal activity had no reasonable expectation of privacy and no standing to object to a search of the residence by police). In his petition, Coggeshell averred that he had standing because he resided in the residence where the rape occurred.[2] However, Coggeshell admitted during the course of the underlying criminal trial that he resided in Blanding, not Moab, and that he had never previously been in Moab. Accordingly, the victim's home could not have been his residence. Because Coggeshell did not have standing to challenge the search of the home, the district court properly dismissed this cause of action.

¶ 5 Coggeshell next claims that his counsel was ineffective because counsel failed to challenge the composition of the jury,

---

1. Coggeshell asserts that the water was turned off in his cell so that he was "forced" to wash his hands in the toilet, which contained urine. It is worth noting that the record indicates that the water was turned off because Coggeshell had blood on his hands when he was placed in the cell and the police officers did not want to give Coggeshell the opportunity to wash the potential evidence from his hands before it was processed.

2. In his brief, Coggeshell changes course and argues that he was an invited guest, instead of a resident. However, because Coggeshell did not adequately preserve this argument below, we do not address the argument on appeal. *See State v. King,* 2010 UT App 396, ¶ 18, 248 P.3d 984.

which contained no Native Americans, and because counsel failed to remove two jurors with law enforcement backgrounds. In regard to the composition of the jury, Coggeshell broadly asserts that he was prejudiced because the jury panel was "all white" and had no Native Americans. However, "[t]he Constitution guarantees a defendant the right to an impartial jury, . . . not a jury of a particular composition." *Lafferty v. State*, 2007 UT 73, ¶ 15, 175 P.3d 530, 535; *see also Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) ("Defendants are not entitled to a jury of any particular composition."); *State v. Tillman*, 750 P.2d 546, 575 (Utah 1987) ("Moreover, while jurors must be drawn from a source fairly representative of the community, each jury need not 'mirror' the community." (citations omitted)). Further, Coggeshell failed to set forth sufficient allegations to establish a prima facie violation of the fair cross-section guarantee. *See Tillman*, 750 P.2d at 575 (stating that a prima facie case is established if the defendant shows "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process"). As such, his petition did not contain sufficient facts to support a cause of action.

 ¶ 6 In regard to Coggeshell's claim that counsel was ineffective because he failed to remove two jurors with law enforcement backgrounds, Coggeshell again failed to state a claim for which relief could be granted because he failed to demonstrate that any juror was biased. Coggeshell claims that two jurors, who had worked for the National Park Service, were biased because of their "background" in law enforcement. However, law enforcement personnel are not automatically disqualified from jury duty in a criminal case. *See State v. Ramos*, 882 P.2d 149, 153 (Utah Ct.App.1994). A litigant must show that the juror was actually prejudiced or incompetent. *See id.* Here, one juror was merely a "communication manager for the National Park Service," and there was no indication that he was in any way involved in law enforcement. The other juror indicated that his history of law enforcement within the National Park Service consisted of dealing with dogs in the park, permit violations, and some theft of government property issues. That juror specifically stated that he did not believe his background would make him more inclined to believe law enforcement witnesses. In sum, nothing in Coggeshell's allegations or in the record indicate that either of the jurors were biased in any way. Accordingly, the district court properly determined that Coggeshell failed to state a claim for which relief could be granted in relation to the composition of the jury or in regard to whether any of the jurors were biased.

 ¶ 7 Next, Coggeshell argues that his counsel was ineffective because counsel entered into a stipulation to prevent both Coggeshell and the State from discussing an incident that occurred between Coggeshell and a witness to the rape. As such, Coggeshell asserts that he was not allowed to relate an incident which he believed demonstrated that the eyewitness had a vendetta against him. Coggeshell fails to demonstrate that his counsel was ineffective. First, Coggeshell fails to show that his counsel's performance was deficient. To do so a petitioner must "rebut the strong presumption that under the circumstances, the challenged action might be considered sound trial strategy." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92. Further, "this court will not second-guess trial counsel's legitimate strategic choices, however flawed those choices might appear in retrospect." *State v. Tennyson*, 850 P.2d 461, 465 (Utah Ct.App.1993). Here, during a discussion of Coggeshell's proposed testimony, Coggeshell's trial counsel stated on the record that he believed the stipulation with the State was "more beneficial" to Coggeshell than allowing both sides to discuss the incident. Thus, counsel had considered the issues and made the strategic choice to stipulate that the incident not be raised by either party. Coggeshell fails to set forth any allegations to overcome the presumption afforded to trial counsel's strategic choices.

¶ 8 Further, even if Coggeshell could demonstrate that his counsel's performance was deficient in regard to the stipulation, Coggeshell fails to show that he was prejudiced by his counsel entering into the stipulation. Coggeshell claims the information was important because it demonstrated that the eyewitness, who was also his roommate, was angry with Coggeshell and had reason to fabricate his testimony. However, during the course of Coggeshell's testimony, he provided the jury with the substance of the information Coggeshell asserts was improperly excluded. Specifically, on at least two separate occasions, Coggeshell testified that he believed the eyewitness was angry with him because the eyewitness allegedly blamed Coggeshell for his cousin's incarceration. Thus, the jury heard the substance of Coggeshell's proposed testimony regarding the eyewitness's alleged motive to lie. As such, he was not prejudiced due to his inability to discuss those facts a third time.

¶ 9 Finally, Coggeshell asserts a sufficiency of the evidence argument by asserting that the testimony of the victim and the eyewitness to the rape were not credible. Coggeshell did not raise this argument in his petition for post-conviction relief. Accordingly, the issue was not preserved for appeal, and we do not address it. *See State v. King*, 2010 UT App 396, ¶ 18, 248 P.3d 984.

¶ 10 Affirmed.